Filing # 231576374 E-Filed 09/15/2025 03:24:04 PM

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

TIFFANY TAYLOR,

Plaintiff,

CIVIL DIVISION

CASE NO.:

v.

TARGET CORPORATION, and
JANE DOE,

Defendants.

______________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff, **TIFFANY TAYLOR**, by and through the undersigned counsel, hereby sues the Defendants, **TARGET CORPORATION** and **JANE DOE** and alleges:

1. This is an action for damages which exceeds Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2. At all times material hereto, the Plaintiff, **TIFFANY TAYLOR**, was and is a resident of Orange County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, **TARGET CORPORATION,** was and is a Foreign Corporation and doing business in Orange County, Florida.

4. At all times material hereto, the Defendant, **JANE DOE,** was and is believed to be a resident of Orange County, Florida.

5. Venue is proper in this County in that the Defendant does business in Orange County, Florida, and/or all of the acts complained of herein occurred in Lake County, Florida.

6. That on or about October 19, 2024, the Plaintiff, **TIFFANY TAYLOR**, was a business invitee of the Defendant, **TARGET CORPORATION**'s premises located at 718

Maguire Blvd Orlando, FL 32803, in Orange County, Florida, where Defendant **JANE DOE** was the manger of the subject premises.

**COUNT I - NEGLIGENCE CLAIM AGAINST TARGET CORPORATION**

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 6 as if fully set forth herein.

7. That at all times material hereto, and specifically on August 30, 2024, Defendant, **TARGET CORPORATION**, owned, managed, controlled, operated, and/or maintained the premises located at 718 Maguire Blvd Orlando, FL 32803, in Orange County, Florida.

8. That on or about October 19, 2024, the Plaintiff, **TIFFANY TAYLOR,** was lawfully in Defendant, **TARGET CORPORATION's** premises, when shelving holding products collapsed resulting in items striking the Plaintiff.

9. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

10. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a. By failing to maintain the premises in a reasonably safe condition, to wit, improperly/negligently installing, maintaining, repairing, displaying and/or placing products on shelving and failing to prevent dangerous conditions from occurring; and/or

b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c. Failing to place barricades, warning signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d. By failing to monitor and/or install, maintain, repair, display and/or place products on shelving in a reasonably safe manner and/or

e. By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f. Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by negligently installing, maintaining, repairing, displaying shelving so as to cause the Plaintiff's injury.

g. By failing to properly educate, train, manage and direct employees in the proper care, maintenance, upkeep of the premises and/or the stacking and/or placing cases of bottled water within the premises.

11. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

12. That the hazardous and dangerous shelving and/or shelved products which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

13. As a direct and proximate result of the aforementioned negligence of the Defendant, **TARGET CORPORATION**, the Plaintiff, **TIFFANY TAYLOR**, was struck by case(s) of bottle water that were improperly stacked/placed and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, surgery, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and

impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **TIFFANY TAYLOR** will suffer the losses into the future.

WHEREFORE, Plaintiff, **TIFFANY TAYLOR**, demands judgment against the Defendant, **TARGET CORPORATION**, for all damages allowed by law and demands a trial by jury for all issues so triable by right.

**COUNT II - NEGLIGENCE CLAIM AGAINST JANE DOE**

13. Plaintiff, **TIFFANY TAYLOR** reaffirms and realleges Paragraphs 1 through 12 as set forth fully herein.

14. That at all times material hereto Defendant, **JANE DOE**, had a duty to use, direct and to hire, train, supervise, oversee, and manage employees at **TARGET** to use reasonable care in maintaining and operating the business on the premises located at 718 Maguire Blvd Orlando, FL 32803, in Orange County, Florida, including, but not limited to the treatment of invitees, preventing and/or creating dangerous or hazardous conditions, and to exercise reasonable care and/or to take action to reduce, minimize, or eliminate foreseeable risks on the premises.

15. That at all times material hereto Defendant, **JANE DOE**, failed to prepare for and/or create and/or implement a system to ensure that shelving and shelved products would not fall, collapse and/or strike customers when items are withdrawn from shelves.

16. As a direct and proximate cause of the negligence of Defendant JANE DOE and her agents and/or employees, as alleged above, **TIFFANY TAYLOR** sustained significant and permanent personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, scaring, disfigurement and has incurred the expense of

hospitalization, surgery, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and these conditions are continuing or permanent nature. Plaintiff will suffer such losses, impairment and expenses in the future.

WHEREFORE, Plaintiff, **TIFFANY TAYLOR**, demands judgment against the Defendant, **JANE DOE**, for all damages allowed by law and demands a trial by jury for all issues so triable by right.

**RUBENSTEIN LAW, P.A.**
Attorneys for
9130 S Dadeland Blvd
Miami, Florida 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: kjrobertson@rubensteinlaw.com
gnieves@rubensteinlaw.com
eservice@rubensteinlaw.com

By: */s/ Keith Joseph Robertson*
**KEITH JOSEPH ROBERTSON**
Florida Bar No.: 121260